UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7085 FMO (JEMx) | Date | October 15, 2021 |
|---|---|---|---|
| Title | Rachel English v. Bestbuy Co., Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Joseph Remigio | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):         Attorney Present for Defendant(s):

None Present                                          None Present

**Proceedings:**     **(In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction**

On September 29, 2021, pro se plaintiff Rachel English ("plaintiff") filed a First Amended Complaint ("FAC") in this court against Best Buy Co. Inc. and Best Buy Stores, L.P. (collectively, "Best Buy" or "defendants"), (see Dkt. 10), alleging that Best Buy made defamatory statements about her to the police. (See id. at 2). Plaintiff cites California law as the basis for her defamation claim, (see id. at 2), and seeks a total of $550 million in compensatory and punitive damages. (See id. at 9-10).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "Because we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction . . . has the burden of establishing it." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006) (cleaned up). Federal courts have "the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The party asserting jurisdiction has the burden of establishing subject matter jurisdiction. See Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1675. Federal subject matter jurisdiction may be established on the basis of diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Citizenship is determined as of the time the lawsuit is filed. Lew v. Moss, 797 F.2d 747, 750 (1986).

Here, plaintiff appears to be a resident of California and presumably a citizen of the State. (See Dkt. 10, FAC at 1). However, plaintiff fails to allege the citizenship of defendants. (See, generally, id.). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State . . . where it has its principal place of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7085 FMO (JEMx) | Date | October 15, 2021 |
|---|---|---|---|
| Title | Rachel English v. Bestbuy Co., Inc., et al. | | |

business[.]" 28 U.S.C.A. § 1332(c)(1).  To the extent plaintiff has named a limited partnership as a defendant, (see Dkt. 10, FAC at 1), the Complaint must allege the citizenship of each of their partners, members, or owners to properly assert subject-matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332.  See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."); Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990) (diversity jurisdiction depends on the citizenship of all members of an artificial entity); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n unincorporated association such as a partnership has the citizenship of all of its members.").

     Based on the foregoing, IT IS ORDERED that no later than **October 29, 2021**, plaintiff shall file a Second Amended Complaint ("SAC") setting forth the basis for the court's subject matter jurisdiction.  Plaintiff shall identify the citizenship of each defendant, including, as necessary, defendants' partners, members, and owners.  Failure to file the SAC by the deadline set forth above shall result in the action being dismissed without prejudice for lack of subject matter jurisdiction, failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Baeza v. Baca, 700 F.Appx. 657, 658 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

     **This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | jre |  |  |