UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7085 FMO (JEMx) | Date | January 19, 2022 |
|---|---|---|---|
| Title | Rachel English v. Bestbuy Co., Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**      (In Chambers) Order to Show Cause re: Proof(s) of Service

On September 2, 2021, pro se plaintiff Rachel English ("plaintiff") filed her Complaint against defendants BestBuy Co., Inc. and BestBuy Stores, L.P., ("defendants").[1] (Dkt. 1, Complaint). Plaintiff filed a First Amended Complaint ("FAC") on September 29, 2021, and a Second Amended Complaint ("SAC") on November 24, 2021, against the same defendants. (See Dkt. 10, FAC; Dkt. 15, SAC).

On October 20, 2021, plaintiff filed a proof of service with a copy of a certified mail receipt indicating that plaintiff had sent mail to "Best Buy Co., Inc." (See Dkt., 17, Proof of Service by Mail). Because plaintiff's proof of service did not comply with Rule 4(h) of the Federal Rules of Civil Procedure,[2] the court struck the filing and ordered plaintiff to file a valid proof of service and server's affidavit no later than January 3, 2022. (See Dkt. 18, Court's Order of December 14, 2021, at 2).

On December 20, 2021, plaintiff filed a proof of service with a server's affidavit indicating that the summons and complaint had been mailed to "Best Buy Co., Inc." (See Dkt. 19, Proof of Service on a Corporation, Partnership, or Association ("POS") at 2-3). The POS includes copies of what appears to be the same certified mail receipt that was attached to the proof of service filed on October 20, 2021, (see id. at 4), along with a United States Postal Service receipt stating that plaintiff sent the mailing on October 7, 2021. (See id. at 5). However, the POS again did not comply with Rule 4(h).

---

[1] These defendants are listed on the caption of plaintiff's Complaint, although the body of her Complaint refers generally to "Bestbuy, Corporation" or "Bestbuy." (See, e.g., Dkt. 1, Complaint at 2).

[2] All "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7085 FMO (JEMx) | Date | January 19, 2022 |
|---|---|---|---|
| Title | Rachel English v. Bestbuy Co., Inc., et al. | | |

Rule 4(h) governs service on a corporation. It provides that service must be made either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)-(B).

Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law allows for service on a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process" or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." See Cal. Civ. Proc. Code § 416.10(a)-(b). "In lieu of" personal service, California law permits substituted service, where "a summons may be served by leaving a copy of the summons and complaint during usual office hours in [the person to be served's] office. . . and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Id. at § 415.20(a).

Here, plaintiff failed to effect service on a person authorized to accept service on behalf of defendant. (See, generally, Dkt. 19, POS). Plaintiff's server instead sent the mailing to what appears to be defendant's corporate headquarters without addressing it to a specific individual. (See id. at 3-4). Moreover, the name of the recipient on the signature confirmation receipt is illegible. (See id. at 4).

The court hereby finds good cause pursuant to Rule 4(m) to permit plaintiff one last opportunity to properly effect service on defendant(s) before dismissing the action. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The proof of service (**Document No. 19**) is hereby **stricken**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7085 FMO (JEMx) | Date | **January 19, 2022** |
|---|---|---|---|
| Title | **Rachel English v. Bestbuy Co., Inc., et al.** | | |

    2.  Plaintiff shall file a valid proof(s) of service, including the server's affidavit, no later than **February 7, 2022**. Plaintiff is cautioned that failure to timely file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | gga |