UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7085 FMO (JEMx) | Date | February 8, 2022 |
|---|---|---|---|
| Title | Rachel English v. Bestbuy Co., Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Gabriela Garcia | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:**    (In Chambers) Order to Show Cause re: Proof(s) of Service

On September 2, 2021, pro se plaintiff Rachel English ("plaintiff") filed her Complaint against defendants BestBuy Co., Inc. and BestBuy Stores, L.P., ("defendants").[1] (Dkt. 1, Complaint). Plaintiff filed a First Amended Complaint ("FAC") on September 29, 2021, and a Second Amended Complaint ("SAC") on November 24, 2021, against the same defendants. (See Dkt. 10, FAC; Dkt. 15, SAC).

On October 20, 2021, plaintiff filed a proof of service with a copy of a certified mail receipt indicating that plaintiff had sent mail to "Best Buy Co., Inc." (See Dkt., 17, Proof of Service by Mail). Because plaintiff's proof of service did not comply with Rule 4(h) of the Federal Rules of Civil Procedure,[2] the court struck the filing, explained the deficiency, noted the availability of resources for pro se litigants, and ordered plaintiff to file a valid proof of service and affidavit from the process server no later than January 3, 2022. (See Dkt. 18, Court's Order of December 14, 2021).

On December 20, 2021, plaintiff filed another proof of service but this time with the server's affidavit indicating that the summons and complaint had been mailed to "Best Buy Co., Inc." (See Dkt. 19, Proof of Service on a Corporation, Partnership, or Association ("POS") at 2-3). The POS includes a copy of what appears to be the same certified mail receipt that was attached to the proof of service filed on October 20, 2021, (see id. at 4), along with a United States Postal Service receipt stating that plaintiff sent the mailing on October 7, 2021. (See id. at 5). However, the POS again did not comply with Rule 4(h). (See Dkt. 20, Court's Order of January 19, 2022, at 2). On January 19, 2022, the court struck the filing, identified Rule 4's service requirements, and ordered

---

[1] These defendants are listed on the caption of plaintiff's Complaint, although the body of her Complaint refers generally to "Bestbuy, Corporation" or "Bestbuy." (See, e.g., Dkt. 1, Complaint at 2).

[2] All "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7085 FMO (JEMx) | Date | February 8, 2022 |
|---|---|---|---|
| Title | Rachel English v. Bestbuy Co., Inc., et al. | | |

plaintiff to file a valid proof of service and server's affidavit no later than February 7, 2022. (See id. at 2-3).

On February 4, 2022, plaintiff requested an unspecified extension of time to complete service, giving a variety of reasons as to why she should receive additional time to serve. (See Dkt. 21, Response to Order to Show Cause). While some of the reasons appear to be valid to establish good cause for another extension of time, the fact remains that this case has been pending since September 2, 2021, more than five months. While the court has attempted to provide plaintiff with guidance as to how to effect service and directed her to resources that might be helpful, (see, e.g., Dkt. 18, Court's Order of December 14, 2021), the court is not in position to give plaintiff legal advice. Under the circumstances, the court will give plaintiff one final opportunity to properly effect service upon defendants.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff shall serve defendant(s) no later than **March 3, 2022**, and shall file a proof(s) of service no later than **March 7, 2022**.

2. Plaintiff is admonished that failure to file a proof(s) of service by the **March 7, 2022**, deadline will result in the action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

3. The Order to Show Cause re: Proof(s) of Service (Dkt. 20) is hereby continued pending compliance with paragraph one above.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |