JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL ENGLISH, <br><br> Plaintiff, <br><br> v. <br><br> BESTBUY CO., INC., et al., <br><br> Defendants. | Case No. CV 21-7085 FMO (JEMx) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    Plaintiff Rachel English ("plaintiff") filed her complaint against defendants BestBuy Co., Inc. and BestBuy Stores, L.P. (collectively, "defendants") on September 2, 2021.[1] (Dkt. 1, Complaint). Plaintiff filed a First Amended Complaint ("FAC") on September 29, 2021, and a Second Amended Complaint ("SAC") on November 24, 2021, against the same defendants.  (See Dkt. 10, FAC); (Dkt. 15, SAC).

    On October 20, 2021, plaintiff filed a proof of service with a copy of a certified mail receipt indicating that plaintiff had sent mail to "Best Buy Co., Inc." (See Dkt., 17, Proof of Service by Mail).  Because plaintiff's proof of service did not comply with Rule 4(h) of the Federal Rules of Civil Procedure,[2] the court struck the filing, explained the deficiency, noted the availability of resources for pro se litigants, and ordered plaintiff to file a valid proof of service and affidavit from

---

[1] These defendants are listed on the caption of plaintiff's Complaint, although the body of her Complaint refers generally to "Bestbuy, Corporation" or "Bestbuy."  (See, e.g., Dkt. 1, Complaint at 2).

[2] All "Rule" references are to the Federal Rules of Civil Procedure.

the process server no later than January 3, 2022. (See Dkt. 18, Court's Order of December 14, 2021, at 1-2). The court admonished plaintiff that "failure to timely file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court." (Id. at 2) (citing Fed. R. Civ. P. 4 & 41(b)); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

On December 20, 2021, plaintiff filed another proof of service, which included a server's affidavit indicating that the summons and complaint had been mailed to "Best Buy Co., Inc." (See Dkt. 19, Proof of Service on a Corporation, Partnership, or Association at 2-3). The POS included a copy of what appeared to be the same certified mail receipt that was attached to the proof of service filed on October 20, 2021, (see id. at 4), along with a United States Postal Service receipt stating that plaintiff sent the mailing on October 7, 2021. (See id. at 5). However, the POS again did not comply with Rule 4(h). (See Dkt. 20, Court's Order of January 19, 2022, at 2). On January 19, 2022, the court struck the filing, identified Rule 4's service requirements, and ordered plaintiff to file a valid proof of service and server's affidavit no later than February 7, 2022. (See id. at 2-3). The court again cautioned plaintiff that failure to comply with the deadline would result in the action being dismissed. (See id. at 3).

On February 4, 2022, plaintiff requested an unspecified extension of time to complete service. (See Dkt. 21, Response to Order to Show Cause). The court granted plaintiff's request and ordered that plaintiff file a valid proof(s) of service no later than March 7, 2022. (Dkt. 22, Court's Order of February 8, 2022, at 2). The court again admonished plaintiff that failure to comply with the deadline would result in the action being dismissed and explained that plaintiff had "one final opportunity to properly effect service upon defendants." (See id.) (citing Fed. R. Civ. P. 4 & 41(b)); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388). As of the date of this Order, plaintiff has not filed a valid proof of service of the summons and complaint on any of the defendants. (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or

to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (same).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and to comply with the Court's Order of February 8, 2022 (Dkt. 22), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

Dated this 15th day of March, 2022.

/s/
Fernando M. Olguin
United States District Judge